1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MAURICE MUHAMMAD,                    No. 2:12-cv-2946-TLN-CMK-P

12          Plaintiff,

13      vs.                              FINDINGS AND RECOMMENDATION

14   PATRICK MARLETTE,

15          Defendants.

16   _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

1

1   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4   allege with at least some degree of particularity overt acts by specific defendants which support

5   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6   impossible for the court to conduct the screening required by law when the allegations are vague

7   and conclusory.

8

9                                **I.  PLAINTIFF'S ALLEGATIONS**

10           Plaintiff alleges the defendant, the state superior court judge in his state court

11  proceedings, was prejudicial toward him and refused to recuse himself.  Thus, plaitniff argues the

12  defendant undermined the fundamental fairness of his trial.

13

14                                        **II.  DISCUSSION**

15           Judges are absolutely immune from damage actions for judicial acts taken within

16  the jurisdiction of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988)

17  (per curiam).  This immunity is lost only when the judge acts in the clear absence of all

18  jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity

19  even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9,

20  11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are

21  accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

22  This immunity extends to the actions of court personnel when they act as "an integral part of the

23  judicial process."  See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

24           Here, it is clear that the actions of the defendant which plaintiff complains,

25  occurred during a state court proceeding.  Thus, the defendant is absolutely immune from this

26  action.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's complaint be dismissed for failure to state a claim and this action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  December 13, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE